**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-19-0000650**
**23-MAY-2024**
**08:11 AM**
**Dkt. 67 SO**

NO. CAAP-19-0000650

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


DENNIS T. IHARA, Claimant-Appellee-Cross-Appellant/Appellant, v.
STATE OF HAWAIʻI, DEPARTMENT OF LAND AND NATURAL RESOURCES,
Employer-Appellant-Cross-Appellee/Appellee, and
STATE OF HAWAIʻI, DEPARTMENT OF HUMAN RESOURCES DEVELOPMENT,
Adjuster-Appellant-Appellee.


APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2008-266(S); (2-07-40277))


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and McCullen, J.)

Claimant-Appellee-Cross-Appellant/Appellant Dennis T. Ihara (**Ihara**) appeals from the Labor and Industrial Relations Appeals Board's (**Board**) August 21, 2019 "Order Adopting Proposed Decision and Order" (**Decision and Order**).

The Board determined Ihara was entitled to vocational rehabilitation services, and awarded him 1% permanent partial disability (or **PPD**) of the entire person for hypertension and a 2% permanent partial disability of the entire person for a

psychological injury suffered in the course of his employment with Employer-Appellant-Cross-Appellee/Appellee State of Hawaiʻi, Department of Land and Natural Resources (**DLNR**).  In his points of error on appeal, Ihara challenges Findings of Fact (**FOF**) 11, 12, 14, and 17, and Conclusion of Law (**COL**) 1.[1]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve Ihara's points of error as discussed below, and affirm.

**(1)**  First, Ihara contends the Board "erred in FOF 11 that [he] has no ratable permanent impairment as a result of his work injury."  This finding states:

> **FOF 11:**    "The Board finds that Claimant has no ratable permanent impairment as a result of his work injury."

Hawaiʻi Revised Statutes (**HRS**) chapter 386 does not define "ratable permanent impairment."  This court previously

---

[1]  In his points of error on appeal, Ihara also challenges FOF 4, 6, 8, and 15.

FOF 4, 6, and 8 make credibility determinations, which we will not disturb on appeal.  See generally, Pave v. Prod. Processing, Inc., 152 Hawaiʻi 164, 172, 524 P.3d 355, 363 (App. 2022) (stating when reviewing FOF, this court "cannot consider the weight of the evidence to ascertain whether it weighs in favor of the administrative findings, or review the agency's findings of fact by passing upon credibility of witnesses or conflicts in testimony") (citation and internal quotation marks omitted).

Regarding FOF 15, Ihara presents no discussion, factual analysis, or authority to support his challenge to this finding and, thus, we consider this point of error waived.  Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4) and (b)(7).

observed that the Board's finding of "no ratable permanent impairment" was ambiguous in that it either meant Ihara "suffered no impairment," or "that he had suffered some impairment; but in an amount incapable of being measured." Ihara v. State, Dep't of Land & Nat. Res., 136 Hawaiʻi 372, 362 P.3d 805, No. CAAP-12-0000398, 2015 WL 6739078 at *8 (App. Oct. 30, 2015) (mem. op.)  Because the Board entered the same finding on remand, but also found Ihara was entitled to 2% PPD, we construe FOF 11 as meaning Ihara suffered some impairment, but in an amount the doctors could not rate under the American Medical Association Guides.

As none of the doctors opined on a specific impairment rating, FOF 11 is not clearly erroneous.  See generally, Tauese v. State, Dep't of Lab. & Indus. Rels., 113 Hawaiʻi 1, 25, 147 P.3d 785, 809 (2006) (applying clearly erroneous standard of review to FOF).

**(2)**  Next, Ihara challenges FOF 12 and 14, which state:

> **FOF 12:** "The Board further finds, that Claimant is able to resume regular duty work, but his sole restriction is that it not be with the co-workers he had at the time of the February 1, 2007 work injury."

3

> FOF 14: "The Board finds that Claimant's only permanent impairment of a mental function is his inability to work with the co-workers he worked with at the time of his February 1, 2007 work injury, which also affects his hypertension."

FOF 12 and 14 are supported by the opinions of several doctors. Dr. Ronald A. Morton indicated Ihara could return to regular duty work. Dr. Ajit S. Arora opined Ihara's hypertension was "never a labor disabling condition" and should not prevent him from returning to his regular and customary duties. Dr. Dennis B. Lind opined Ihara could obtain gainful employment outside of the DLNR and that he could return to regular duty work without functional limitations in any department, except that he could not work with his former DLNR co-workers. Dr. Jon Streltzer opined that Ihara could return to work within the same capabilities, but in a different setting. And Dr. Danilo E. Ponce confirmed Ihara's psychiatric disorder was in remission, he reached medical stability, "his job itself seemed to be the main source of his . . . injury claim," and he had "no discernible, residual, permanent psychiatric impairment" rating. (Emphasis omitted.)

Because the record supports these findings, they are not clearly erroneous.

**(3)** Finally, Ihara challenges FOF 17 and COL 1. Limiting his argument to the 2% permanent partial disability rating, Ihara asserts the Board's "conclusion suggests [he] was able to recover 98% of his psychiatric functioning, however, that conclusion is clearly erroneous as all parties agreed that [he] was disqualified from his usual and customary work, or any other work at the DLNR." Ihara further argues "consideration of [his] ability to function away from the DLNR is erroneous."

FOF 17 and COL 1 state:

**FOF 17:** "The Board finds that Claimant has sustained 1% PPD of the whole person as a result of his February 1, 2007 work injury for hypertension and 2% PPD of the whole person as a result of his February 1, 2007 work injury for his psychiatric work injury."

**COL 1:** "The Board concludes that Claimant sustained 1% PPD of the whole person for hypertension and 2% PPD of the whole person for his psychiatric work injury as a result of the work injury of February 1, 2007."

The purpose of a permanent partial disability award "is to compensate a worker for the loss or impairment of a physical or mental function." Ihara v. State, Dep't of Land & Nat. Res., 141 Hawaiʻi 36, 42, 404 P.3d 302, 308 (2017). It is

5

not based on wages lost.  Id.  "For loss or impairment of function that is not listed in the schedule, . . . the permanent partial disability is rated as a percentage of the total loss or impairment of a physical or mental function of the whole person."  Id. at 43, 404 P.3d at 309; HRS § 386-32(a) (2015).

Ultimately, it is the director of the Department of Labor and Industrial Relations or the Board that decides a permanent partial disability rating.  141 Hawaiʻi at 43, 404 P.3d at 309.  The Board "generally places great weight upon a physician's initial impairment rating, but it is not the only component of the Board's assessment."  Id.  The Board also considers other factors, "such as whether the complainant is able to participate in the same types of hobbies and daily and work activities as prior to the accident."  Id.  And the Board may consider the inability to perform "usual and customary work activities."  Id. at 47, 404 P.3d at 313.

Here, the Board considered whether Ihara could participate in the same daily and work activities as prior to the accident.  The Board considered Ihara's ability to function at highly intelligent work, such as teaching and practicing law, following the work injury.  The Board credited Ihara's testimony that "he was able to teach at Hawaii Pacific University, serve on various non-profit boards, and performed legal work" following his work injury.  The Board thus considered Ihara's

6

loss of function to be minimal, and his only restriction was to not work with the DLNR co-workers there at the time of his injury.

Ihara has not shown that the Board violated constitutional or statutory provisions, exceeded its authority, followed unlawful procedure, clearly erred, or abused its discretion in arriving at a 2% permanent partial disability rating of the whole person for his psychiatric work injury. See HRS § 91-14(g) (Supp. 2019).

Based on the foregoing, we affirm the Board's August 21, 2019 Decision and Order.

DATED:  Honolulu, Hawaiʻi, May 23, 2024.

| On the briefs: | /s/ Katherine G. Leonard<br>Acting Chief Judge |
|---|---|
| Wayne H. Mukaida,<br>for Claimant-Appellee-Cross-<br>Appellant/Appellant. | /s/ Keith K. Hiraoka<br>Associate Judge |
| Shawn L.M. Benton,<br>for Employer-Appellant-Cross-<br>Appellee/Appellee and<br>Adjuster-Appellant-Appellee. | /s/ Sonja M.P. McCullen<br>Associate Judge |